IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00935-BNB

JAMES R. GIBSON,

    Plaintiff,

v.

R. WILEY,
LIEUTENANT HILL,
JOHN DOE,
MS. REVELLE,
FOSTER,
TRUJIL,
DR. ARANGONIA,
MS. BARKER,
ILLINOIS DEPT. OF CORRECTIONS,
JOHN DOE, Supervisor, Illinois Dept. of Corrections,
ST. CLAIR COUNTY JAIL,
M. JUSTICE, Supervisor, St. Clair County Jail,
SALEM[,] ILLINOIS JAIL,
GAIL SIMER, Supervisor, Salem[,] Illinois Jail,
BOND COUNTY JAIL,
JOSH HILL, Supervisor, Bond County Jail,
ALTON[,] ILLINOIS JAIL,
SGT. GILLESPIE, Supervisor, Alton[,] Illinois Jail,
MARION, ILLINOIS,
JEFFERSON COUNTY JAIL,
CAPT. JOHN SCOTT,
ALL THE ABOVE ILLINOIS STATE EMPLOYEES,
BOND COUNTY HOSPITAL,
JANE DOE, Bond County Hospital,
ALTON HOSPITAL #1,
JANE DOE, Alton Hospital #1,
ALTON HOSPITAL #2 - HUMANIA HOSPITAL,
JANE DOE, Alton Hospital #2 - Humania Hospital, and
CAÑON CITY HOSPITAL, Cañon City, Colorado,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff, James R. Gibson, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He submitted to the Court *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993) seeking injunctive relief. He paid the $350.00 filing fee.

On June 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Gibson to file within thirty days an amended complaint that sued the proper parties and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On July 18, 2008, the Court granted Mr. Gibson's request for an extension of time and allowed him an additional thirty days in which to file an amended complaint. On August 15, 2008, Mr. Gibson filed an amended *Bivens* complaint for declaratory and injunctive relief and for money damages.

The Court must construe the amended complaint liberally because Mr. Gibson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Gibson fails to make clear the Defendants he is suing. The Court has attempted to compile a list of Defendants in the caption to this order but cannot be sure

2

the list is correct because of the manner in which Mr. Gibson listed the Defendants. In addition, the Court is at a loss to understand why Mr. Gibson is suing all the Defendants he has named. Despite being warned in the June 23, 2008, order for an amended complaint that he must allege the personal participation of each named Defendant and that he may use fictitious names, such as Jane or John Doe, for Defendants only if he provides sufficient information about each fictitiously named Defendant so that each such Defendant can be identified for purposes of service, Mr. Gibson has failed to do so. He also has failed to submit an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 so that the Court can understand Mr. Gibson's asserted claims and the reason each Defendant is being sued. The June 23 order elaborated upon the requirements of Fed. R. Civ. P. 8. The Court sees no need to repeat those requirements here.

In addition, Mr. Gibson appears to be suing an Illinois department of corrections and various Illinois county facilities and individuals about events primarily occurring in Illinois. This Court lacks proper venue under 28 U.S.C. § 1391 to review claims asserted about events occurring primarily in another state. Title 28 U.S.C. § 1391(b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3

Because the actions of which Mr. Gibson complains appear to have occurred primarily in Illinois, this action also will be dismissed for improper venue. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for improper venue.

DATED at Denver, Colorado, this 22 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00935-BNB

James R. Gibson
Reg. No. 62228-004
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/25/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk